United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JESUS M.,[1] | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:25-cv-5396 |
| FRANK BISIGNANO, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| *Defendant.* | § | |

**JUDGE PALERMO'S REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff Jesus M.'s "complaint to compel agency action unlawfully withheld under the Administrative Procedure Act and petition for writ of mandamus pursuant to 28 U.S.C. § 1361." ECF No. 18.[2] Defendant filed a response. ECF No. 21.[3] Based on the briefing and applicable record, the Court recommends that Plaintiff's motion be denied as moot. ECF No. 18.

On February 20, 2026, the Court entered a report and recommendation, recommending that the Court grant Commissioner's motion to reverse and remand the instant case pursuant to sentence four of 42 U.S.C. § 405(g) for further

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The district judge to whom this case is assigned referred this motion for disposition. Order, ECF No. 19.

[3] Plaintiff filed a reply and supplemental reply. ECF Nos. 22, 23.

administrative proceedings. R&R, ECF No. 15. The district judge adopted the Court's recommendation on March 11, 2026, and remanded this matter to the Commissioner. Order, ECF No. 17.

On July 16, 2026, Plaintiff filed the instant motion, requesting that the Court "compel the Commissioner to carry out the obligations arising from this Court's judgment and the subsequent administrative proceedings initiated by the Commissioner." ECF No. 18 at 2. Plaintiff argues that Commissioner unreasonably delayed compliance with the Court's order to remand this case for further proceedings. *See id.* Commissioner represents that on May 11, 2026, pursuant to the Court's order, the Appeals Council vacated the prior decision and remanded the case to an Administrative Law Judge for further proceedings and instructed the Administrative Law Judge to reopen a prior August 24, 2020 decision. Appeals Council Notice of Remand, Exh. 1, ECF No. 21 at 5-7; Appeals Council Remand Order, ECF No. 21 at 8-9. On July 22, 2026, the Agency provided Plaintiff with a notice of hearing, scheduling his case for an in-person hearing at a Houston hearing office on October 20, 2026. Notice of Hrg., Exh. 6, ECF No. 21 at 34.

Indeed, as Commissioner points out, Plaintiff's request is moot "as the Agency has scheduled Plaintiff for a hearing on October 20, 2026," and therefore, "Plaintiff will receive the hearing he requests and there is no further relief that this Court can provide." ECF No. 21. Furthermore, insofar as Plaintiff complains that he

was prejudiced by any delay in setting a hearing, the Court finds that he significantly contributed to any alleged delay by filing numerous objections to the Appeals Council scheduling a hearing. Pl.'s Objs., Exhs. 2, 3, 4, 5, ECF No. 21 at 12-17, 20-21, 24, 27-31. Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's motion, ECF No. 18, be **DENIED AS MOOT.**[4]

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**SIGNED** at Houston, Texas, on August 9, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**

[4] All other relief requested should be denied. The Court lacks authority to review any decisions the ALJ or Appeals Council made until Plaintiff exhausts his administrative remedies, which the record demonstrates he clearly has not done. *Sefiane v. Comm'r of Soc. Sec. Admin.*, No. CV H-19-0527, 2021 WL 5989758, at *1 (S.D. Tex. Nov. 2, 2021), *adopted*, No. CV H-19-527, 2021 WL 5987187 (S.D. Tex. Dec. 17, 2021) ("[42 U.S.C. § 405(g)] plainly withholds judicial review until after a 'final decision' has been issued by the Commissioner.") (citing *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("[A] final decision . . . [is] central to the requisite grant of subject-matter-jurisdiction")).